UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            Case No. 25-20342-TLP

VITO PARSON,

      Defendant.

## MOTION AND MEMORANDUM TO SUPPRESS EVIDENCE

NOW IN THE COURT, through undersigned counsel comes the defendant in the above-captioned matter who moves this Honorable Court to Suppress any and all evidence and the fruits thereof gathered as a result of a warrantless search and arrest on or about October 26, 2024.

## **FACTS**

On or about October 26, 2024 Shelby County 911 emergency operators received a call from a male individual claiming to have shot his girlfriend two times on the side of his house at 4275 Windermere Road. *Exhibit 1, 911 call, October 26, 2024*. The Memphis Police operator transferred the call to the Memphis Fire Department.  When the Memphis Fire Department took the call, the caller was unable to definitively say that anyone was actually shot, so the fire department informed the caller that the police would be sent "over there." *Exhibit 2, Memphis Police Department, Record of Arrest*.  The fire

department then contacted the police operator and verified that Memphis Police were responding. *Exhibit 3, 911 Call, October 26, 2024.* No fire department emergency personnel were ever dispatched.

When Memphis Police arrived on the scene, and prior to exiting the vehicle the first responding officer states, "this sucker here fixin' to go to jail." *Exhibit 4, Axon Body 3 X60AB050F, October 26, 2024 at 6:43:44.* Upon exiting the vehicle the officers made contact with Mr. Parson outside his residence at 4275 Windermere Road. Mr. Parson was in the front yard advising the responding officers that the man is in the side. Id. at 6:43:58. Mr. Parson then advised that the person he shot at could be in the backyard that they (police) may need to go through the house. Mr. Parson then went into the front door and leaving it open was followed by the officers. Upon arriving in the kitchen and prior to exiting the house through the back door, Mr. Parson indicated a firearm and shell casings in plain view. Throughout the incident the responding officer refers to Mr. Parson as "tripping." *Exhibit 4.*

## LAW AND ARGUMENT

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const. Amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .").

The burden of proving that consent was voluntary is on the government. Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). "Consent must be proved by clear and positive testimony, and to be voluntary it must be unequivocal, specific, and intelligently given, uncontaminated by any duress or

coercion." United States v. Scott, 578 F.2d 1186, 1188–89 (6th Cir.1978). "[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte.

At no time did Mr. Parson give verbal or implied consent to the officers to enter his home. Granted he does advise the officers that they "may need to come through the home," but Mr. Parson does not grant, nor do police even request permission to enter the home.

"In determining whether consent was voluntary, the Court considers the totality of the circumstances, including the "characteristics" of the consenting individual, such as (1) the individual's age, intelligence, and education level; (2) whether the individual understood she had the right to decline to consent; and (3) whether the individual understood her constitutional rights." United States v. Ivy, 165 F.3d 397, 402 (6th Cir. 1998). However the Sixth Circuit in United States v. Montgomery expanded this analysis to include an individual's ability to give valid consent due to the influence of medication or intoxication. The Montgomery Court predicted that in facts similar to the ones before this Honorable Court an argument regarding the voluntariness of consent would arise:

> "there is no doubt the case that medication or intoxication may diminish the capacity to consent to the extent it undermines an individual's grasp on the reality of what he is doing. When officers seek and obtain consent from a medicated or intoxicated individual, as is sometimes appropriate, they can expect a dispute about the voluntariness of any consent given and what often comes with it: attendance and testimony at a suppression hearing."
> United States v. Montgomery, 621 F.3d 568, 572 (6th Cir. 2010).

The Montgomery Court went on to state that, "in some settings, the influence of drugs, prescribed or otherwise, or the influence of alcohol may tip the balance in favor of

3

finding a lack of capacity to consent to the search." Id. The Fifth Circuit has stated that, "[T]he question is one of mental awareness so that the act of consent was the consensual act of one who knew what he was doing and had a reasonable appreciation of the nature and significance of his actions." United States v. Elrod, 441 F.2d 353, 355 (5th Cir. 1971). Admittedly the Sixth Circuit in United Staes v. Griffin stated, "voluntary consent can be given even by a person under the influence of drugs, when that person is coherent and fails to exhibit any visible impairment." United States v. Griffin, No. 96–5326, 1997 WL 487325 (6th Cir. Aug. 15, 1997). However, as is witnessed on the body cam, that is not the case before this Court. The first officer on the scene, who is also the first to enter the residence, repeatedly reflects on Mr. Parson's mental state as "tripping," and states at one point, "We going to detain him. He going to MMHI." *Exhibit 4 at 06:45:30.* Additionally, the Court in reviewing the body cam should certainly come to the conclusion that Mr. Parson was under the severe "influence of drugs," or suffering from a mental health condition as to render any alleged consent to be involuntary. Mr. Parson's mental state, rendered him incapable of granting consent either implied or explicit.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Defendant moves this Honorable Court to suppress all evidence, including physical evidence and any statements made by Defendant, which resulted from the illegal search and seizure in this cause.

Respectfully submitted,

/s/ Lee Gerald
Lee Gerald

4

Attorney at Law
619 South Cooper Street
Memphis, TN  38104

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion to Suppress has been electronically forwarded to Ms. Karen Hartridge, Assistant United States Attorney.

This the 9th day of February, 2026.

/s/ Lee Gerald